**UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division**

UNITED STATES OF AMERICA

                       Plaintiff,

v.                                                   Case No.: 1:21−cr−00019
                                                      Honorable Steven C. Seeger

David Foley, et al.

                       Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, September 7, 2022:

      MINUTE entry before the Honorable Steven C. Seeger as to David Foley: Defendant Foley's motion for a bill of particulars and to strike surplusage from the indictment (Dckt. No. [50]) is granted in part and denied in part. The indictment includes a long list of unidentified individuals and entities, such as Company A, Individual 1, Co−Schemer 1, Broker Deal A, and so on. The Court can understand all too well how reading the indictment, without an index of some kind, could confound the reader in light of its complexity. And when it comes to criminal cases, the government should avoid confounding the defendant (or the Court) in the charging document. The government responds that the request is moot because it already provided an index (after the filing of the motion, the Court assumes, which is fine). Still, there is no harm in granting the motion, to make official the government's obligation to help defense counsel identify the players. The motion for a bill of particulars is granted. The motion to strike surplusage from the indictment is hereby denied. Defendant moves to strike parts of the indictment that refer to Defendant's time in prison. But the government intends to offer evidence through recorded calls while in prison, so it seems unavoidable that the jury will hear that Defendant was incarcerated. According to the government, Defendant's incarceration was part of the reason why Defendant performed the scheme as he did. The references to incarceration in the indictment are fairly non−descript and non−inflammatory. The Court sees no unfair prejudice. The Court would entertain a request for a cautionary instruction, too, as need be. Defendant also could file a motion in limine as appropriate if there is some special information about the incarceration that the Defendant views as out of bounds (such as what Defendant was incarcerated for) (the Court offers that example as an illustration only, without suggesting what the Court thinks about that issue). In sum, the incarceration helps to explain why Defendant did what he did, and why he was recorded like he was recorded, so it has a legitimate role at trial without injecting unfairness into the case. Mailed notice (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.