# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
### Eastern Division

UNITED STATES OF AMERICA

                              Plaintiff,

v.                                                 Case No.: 1:21−cr−00019
                                                      Honorable Steven C. Seeger

David Foley, et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, September 7, 2022:

       MINUTE entry before the Honorable Steven C. Seeger as to David Foley: Defendant Foley's motion to exclude anticipated testimony from the spouse (Dckt. No. [52]) is hereby denied as premature. Defendant seeks to exclude any testimony from his wife, who gave an interview with the USAO and sat for a civil deposition with the SEC (where she asserted the Fifth Amendment). Defendant seeks to exclude the testimony under the marital communications privilege (not the spousal testimonial privilege). The government has not yet decided whether it will call Defendant Foley's wife at trial, which is set for April 2023. And more importantly, the motion and the response are at a high level of generality. Both parties summarize the law about the privilege, including the possibility of waiver. But it is difficult for the Court to assess whether the privilege applies without knowing the statements in question, meaning what specific information the government seeks to elicit, and how the spouse learned that information (e.g., from Defendant Foley, or from someone else), and whether someone already testified about it, and whether the statements involved comments in furtherance of an alleged crime by both participants, and so on. Also, the potential applicability of a privilege on certain topics does not mean that testimony from the witness is out of bounds altogether. The witness could testify about matters that are not covered by the privilege. The motion refers to the fact that Defendant Foley's wife sat for an interview, but the Court does not know much about what she said, or how she learned the information. (By the sounds of things, it appears that Defendant Foley's wife provided answers to the USAO, but asserted the Fifth Amendment before the SEC. But perhaps that understanding is incorrect.) So maybe there is waiver, and maybe there isn't. Privilege issues are best sorted out by addressing specific statements and particular lines of testimony, instead of high−level abstractions. The parties agree that resolving these issues now would be premature, especially given that the government has not yet decided how it intends to proceed. At the upcoming hearing, the parties should be prepared to discuss how best to sort out these issues before trial. The government should let Defendant Foley know about any plans to call his spouse at trial, and reveal the anticipated lines of inquiry (meaning whether the government intends to elicit any testimony that touches on potential privilege issues), to give Defendant Foley a reasonable opportunity to raise any privilege objections as appropriate before trial. The Court directs counsel to work together cooperatively and propose a schedule for raising this issue before trial as necessary, so that trial can go smoothly. The Court expects to

resolve any privilege issues before trial as much as possible, so that the parties and the Court are not dealing with such issues on the fly after the jury is empaneled. Mailed notice (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.