UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID FOLEY, et al. | No. 21 CR 19-1<br><br>Judge Steven C. Seeger |

**GOVERNMENT'S STATUS REPORT**

The United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits this status report:

1. On or about January 11, 2021, defendant David Foley was charged in a 10-count indictment with eight counts of wire fraud and two separate counts of securities fraud, in connection with his alleged efforts to fraudulently cause the issuance of unrestricted shares of stock and then artificially manipulate their price to make more money on their sale.

2. Shortly after the indictment was returned, the government began to produce to the defense its discovery. Due to the volume of materials, much of the discovery produced at that time had to be processed for production through the Litigation Technology Services Center (LTSC), which is an electronic discovery processing facility that services large document processing projects for various U.S. Attorney's Offices around the county. On or about February 10, 2021, while waiting for the documents to be processed for production, the government produced to the defense reports of interviews and grand jury transcripts so the defense could begin to

1

understand the case and get started on their discovery review. On or about April 1, 2021, the government produced to the defense the materials that had been processed by LTSC. This production was made pursuant to both Federal Rule of Criminal Procedure *and* 18 U.S.C. § 3500. The materials produced to the defense at that time consisted of approximately 1,113,894 documents, and was approximately 1 terabyte of data. Due to the volume of those materials, the government produced those materials on a hard drive. Shortly after the government's initial production of those materials on the hard drive, there were issues with the defense being able to review the materials in an effective manner. So over the course of weeks, the government worked closely with the defense to ensure the materials were re-produced in a fashion that made the defense's review of those materials as simple and efficient as possible. As part of that process, the government invited the defense to meet with the government's litigation technology personnel to ensure they were able to review the materials that were produced. The government made subsequent, much smaller supplemental productions on April 15, 2021 (via a file sharing program known as USAFx), August 30, 2021 (via email), and March 24, 2022 (via email).

3. The government produced Section 3500 materials early in the litigation—rather than waiting until closer to the time of trial—to ensure that the defense had an adequate opportunity to review as much discovery as possible as early as possible.

2

4. On or about February 21, 2023, counsel for the government spoke with counsel for the defense about documents the defense could not locate in the discovery.

5. In the process of confirming that those requested materials already had been produced, the government realized that there were other materials the government had intended to produce with the Rule 16 materials at the beginning of the case—and believed had been produced at that time—but that in fact had not been produced. Those materials were comprised of 11 disks. Those disks contain approximately the following:[1]

| Disk | Quantity | Description |
|---|---|---|
| Media 001 | 589 MB | 123 calls |
| Media 002 | 920 MB | 23 calls |
| Media 003 | 0 | Place holder. There is no Media 003 because processing appears to have skipped over a Media 003 disk. |

---

[1] During the February 22, 2023 hearing in this matter, counsel for the government incorrectly suggested that the defendant's prison emails had not been produced because they were on those disks that had not been produced. In fact, it appears they already had been produced on the hard drive provided to the defense in 2021, and they are located at bates ranges FOLPEM_001 and FOLPEM_002, as well as JAY_001 and JPAY_002.

| Media 004 | 2 GB, 6 True Crypt files | The contents of this disk are not accessible to the government. |
|---|---|---|
| Media 005 | 7.45 GB | Emails and associated documents. These appear to have been produced earlier as SEC_003 and SEC-004 |
| Media 006 | 391 MB | 10 videos |
| Media 007 | 1.54 GB | 3 pst files of emails |
| Media 008 | 194 MB | 88 calls |
| Media 009 | 190 MB | 3 videos |
| Media 10 | 14.4 MB | 5 calls |
| Media 011 | 141 MB | 2 videos |

4

| Media 012 | 10.6 GB | Samsung Galaxy 7 phone account files |

6.  Those disks already had been labeled and readied for production early in the litigation. The materials from the disks were not included on the hard drives, as the government intended to produce them in disk form at the same time the hard drives were produced. The government believes that its oversight in producing those disks was a result of its focus on efforts to ensure that the more than 1 million documents of discovery produced to the defense on the hard drive was complete and usable. The government deeply regrets its error, and certainly the government did not intend to withhold those materials.

7.  Because those disks already had been readied for production about two years earlier, the government quickly produced those disks to the defense by hand-delivery on February 21, 2023, the same day it discovered its error.[2]

                              Respectfully submitted,

                              JOHN R. LAUSCH, JR.
                              United States Attorney

By:    /s/ *Matthew M. Getter*
        MATTHEW M. GETTER
        Assistant U.S. Attorney
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 886-7651

Dated: February 24, 2023

---

[2] The government also produced on February 21, 2023, a twelfth disk containing a small amount of materials, most of which previously had been produced.