UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID FOLEY, et al. | No. 21 CR 19-1<br><br>Judge Steven C. Seeger |

**GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO FILE**
**MEMORANDUM OF LAW IN EXCESS OF 15 PAGES**

The United States of America, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby moves for permission to file a memorandum of law in excess of 15 pages, and, in support thereof, states as follows:

1. Defendant David Foley was charged in a 10-count indictment with eight counts of wire fraud and two separate counts of securities fraud, in connection with his alleged efforts to fraudulently cause the issuance and sale of unrestricted shares of stock and then artificially manipulate their price to make more money on their sale.

2. A jury convicted defendant of two counts of securities fraud and acquitted him of eight counts of wire fraud.

3. Defendant made an oral motion for a judgment of acquittal, pursuant to Rule 29. The Court reserved ruling on that motion. Following the verdict, defendant asked to stand on his oral motion for a judgment of acquittal for purposes of his post-trial motions, but stated he would file a written motion for a new trial, pursuant to

1

Rule 33. Defendant filed his written motion for new trial. The government was ordered to respond to both of defendant's motions. (Dkt. No. 230)

4. The trial in this case involved a complicated set of facts, the testimony of approximately 15 witnesses, and numerous exhibits dealing with defendant's conduct over the course of more than 2 years. Responding in writing to defendant's oral motion for judgment of acquittal requires a detailed recitation of the evidence considered by the jury in rendering its decision and explaining why a rational jury could have reached the guilty verdict on the two securities fraud counts. Additionally, defendant's motion for a new trial raises several additional legal issues to which the government must respond.

5. Given the quantity of evidence, the complexity of the allegations, and the number of arguments raised, the government's response cannot realistically be kept within 15 pages. As a result, the government's response—not including the table of contents and table of authorities—is 36 pages long.

6. Given the complex issues of fact and law the government needs to address in its response, the government seeks to file a response that is in excess of 15 pages.

7. Counsel for the government has conferred with counsel for the defendant, who stated he has no objection to the government filing a response in excess of 15 pages.

WHEREFORE, the government respectfully moves this Court for permission to file a response to defendant's post-trial motions in excess of 15 pages.

Respectfully submitted,

MORRIS PASQUAL
United States Attorney

By: /s/ *Matthew M. Getter*
MATTHEW M. GETTER
ELIE ZENNER
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 886-7651
(312) 697-4032

Dated: January 24, 2025